```
                    FILED              RECEIVED
                    ENTERED            SERVED ON
                            COUNSEL/PARTIES OF RECORD

                       OCT 1 6 2013

                     CLERK US DISTRICT COURT
                      DISTRICT OF NEVADA
               BY:_____ DEPUTY
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

DANIEL RAY ALLEN,

                Plaintiff,

vs.

SOCIAL SECURITY ADMINISTRATION,

                Defendant.

2: 13–cv–01823–GMN–VCF

**ORDER AND
REPORT & RECOMMENDATION**

Before the court are Plaintiff Daniel Ray Allen's Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-1).

### *IN FORMA PAUPERIS* APPLICATION

Plaintiff Daniel Ray Allen asserts in his application to proceed *in forma pauperis* that makes approximately $1,600.00 per year, has no savings, and does not own any vehicles. (App. (#1) at 1–2). Accordingly, Plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

### LEGAL STANDARD

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[1] Parenthetical citations refer to the court's docket.

1

1  relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and

2  citation omitted).

3  In considering whether the plaintiff has stated a claim upon which relief can be granted, all

4  material allegations in the complaint are accepted as true and are to be construed in the light most

5  favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court

6  dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with

7  directions as to curing its deficiencies, unless it is clear from the face of the complaint that the

8  deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.

9  1995) (citation omitted).

10  **DISCUSSION**

11  Plaintiff Daniel Ray Allen brings this action against the Social Security Administration and

12  Administrative Law Judge Bennet requesting "legal help [and] consultation." (*See* Compl. (#1-1) at 1,

13  9). Allen's complaint, however, suffers from four fatal flaws. Consequently, the court recommends that

14  Allen's complaint be dismissed with leave to amend the deficiencies that are discussed below.

15  First, it is unclear from the face of Allen's complaint whether this court has jurisdiction. Federal

16  courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

17  (1994). They possess only that power authorized by the Constitution or a specific federal statute. *Id.*

18  (citation omitted). The burden of proving jurisdiction rests on the party asserting jurisdiction, *see*

19  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936), and the U.S. Supreme Court

20  has long directed lower courts to presume that they lack jurisdiction. *Turner v. Bank of North Am.*, 4

21  U.S. 8, 11, 4 Dall. 8, 11 (1799). Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss

22  any action as soon as it determines that the court's jurisdictional requirements have not been met.

23  Allen's complaint fails to satisfy the court's jurisdictional requirements because it is unclear

24  whether he is appealing a final decision by the Social Security Commissioner or whether he is appealing

25

1    an interlocutory order. The Social Security Act only provides for federal court review of final decisions

2    of the Commissioner. *See* 42 U.S.C. § 405(g). Interlocutory orders, such as a decision by an

3    Administrative Law Judge, are not reviewable by federal courts. *See Taylor v. Comm'r of Soc. Sec.*

4    *Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011). Allen's complaint does not specify whether the Appeals

5    Council reviewed Judge Bennet's decision and if Judge Bennet's decision became the final decision of

6    the Commission. Rather, the gravamen of Allen's complaint appears to concern (1) evidence that was

7    excluded from the Appeals Council's review and (2) Judge's Benet's decision, which "was not reviewed

8    in detail." (Compl. (#1-1) at 3). Given these sparse assertions, it is impossible to discern whether this

9    court has jurisdiction under the Social Security Act, 42 U.S.C. § 405(g).[2]

10       Second, Allen's complaint does not contain "a short and plain statement of the claim showing

11   that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Federal Rule of Civil

12   Procedure 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for

13   relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Rule 8 does not require detailed factual allegations.

14   *Id.* at 678. However, it requires more than "labels and conclusions" and "'naked assertion[s]' devoid of

15   further factual enhancement." *Id.* (citation omitted). To state "a plausible claim for relief," a complaint

16   must contain both sufficient factual allegations (*i.e.*, names, dates, and other relevant facts) and legal

17   conclusions (*i.e.*, specific laws defendants allegedly violated) that create a reasonable inference of

18   liability. *See Iqbal*, 556 U.S. 662, 678–79.

19       Allen's complaint does not satisfy Rule 8's requirements. Aside from the complaint's caption,

20   Allen's complaint does not identify any defendants. (*See* Compl. (#1-1) at 2). The section of the

21   complaint entitled "Nature of the Case" is equally deficient. It merely states, "Social Security

22   improperly reviewed evidence not allowed to into appeal consul (notified) VA, Las Vegas Judge Bennet

23

24   [2] The court also notes that Allen appears to predicate the court's jurisdiction on "Clark County." (*See* Compl. (#1-1) at 3). As
     discussed above, federal courts are courts of limited jurisdiction. *Kokkonen*, 511 U.S. 375, 377  This means that this court
25   does not have jurisdiction over a matter simply because it occurred in the same county where the court sits.

1  case was not reviewed in detail." (*Id.* at 3) (errors original). This statement is too cryptic to discern what,

2  exactly, Allen's complaint concerns. Additionally, Allen's complaint is deficient because it does not

3  state any viable causes of action. Count I is entitled, "Rights to attorney violated second level of filing

4  on S.S. claim for benefits." (*Id.* at 4). Although social security claimants have a right to counsel, *see* 42

5  U.S.C. § 406(c), Allen has not provided enough facts to conclude that his claim for relief is plausible.

6  *See Iqbal*, 556 U.S. 662, 678–79. The only facts that Allen proffers in support of Count I are the

7  following: "Did not review Judge Las Vegas will advise thru legal consul." (Compl. (#1-1) at 4) (errors

8  original). Counts II and III similarly fail to comply with Rule 8 because they do not state any causes of

9  action. (*See id.* at 4–6) (leaving the causes of action section blank on the pre-printed template).

10      Third, Allen's complaint names Administrative Law Judge Bennet as a defendant. This, most

11  likely, is improper. Except in limited circumstances not presented here, administrative law judges are

12  immune from suit. *See, e.g., See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (announcing the

13  well-settled rule that judges are immune from civil liability for judicial actions taken within the

14  jurisdiction of their courts); *see also Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004)

15  (extending judicial immunity to other qualifying judicial professionals like ALJs). The only facts Allen

16  alleges in connection with Judge Bennet are the following: "Judge Bennet Las Vegas NV left with many

17  medical problems and plaintiff knowing at risk of blindness due to no income and left homeless."

18  (Compl. (#1-1) at 5) (errors original). Given this statement alone, the court is not persuade that Judge

19  Bennet is a proper defendant who is not immune from suit.

20      Finally, Allen's complaint should be dismissed because the court cannot grant the relief Allen

21  seeks. In the section of the complaint entitled, "Request for Relief," Allen simply states: "legal help and

22  consultation." (Compl. (#1-1) at 9). Were this court to find that Allen's rights have been violated, but

23  order "help and consultation" and no other remedy, the court would be rendering an advisory opinion.

24  *See, e.g., Magwood v. U.S. Dist. Court*, No. 2:13–307–DCN–BM, 2013 WL 869590, at *5 (D.S.C.

25

Feb.25, 2013) (arriving at the same conclusion after reviewing a similar *pro se* complaint). Article III of the U.S. Constitution, however, bars federal courts from issuing advisory opinions. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

In sum, the court finds that Allen's complaint should be dismissed with leave to amend. As discussed above, Allen's complaint must: (1) provide a clear basis for this court's jurisdiction; (2) contain a short and plain statement of the claims showing that Allen is entitled to relief; and (3) contain a demand of relief, which the court can issue. Additionally, for the reasons stated above, Judge Bennet may not be a proper defendant.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff Daniel Ray Allen's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff Daniel Ray Allen is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This Order granting *in forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS FURTHER ORDERED that Plaintiff Daniel Ray Allen must file an amended complaint in accordance with the provisions set forth in this order by November 22, 2013. Failure to do so will result in the dismissal of the complaint with prejudice. Plaintiff is advised that under Local Rule 15-1 any amended complaint that is filed with the court must be complete in itself without reference to prior filings. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

**RECOMMENDATION**

IT IS RECOMMENDED that Plaintiff Daniel Ray Allen's Complaint (#1-1) is DISMISSED WITHOUT PREJUDICE.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of October, 2013.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE